IMG-272                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3300
_____

SALAMA RABABA BADAWY,

                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A36 355 093)
Immigration Judge:  Honorable Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 6, 2010)
_____

OPINION
_____

PER CURIAM

        Salama Rababa Badawy, a citizen of Egypt, was admitted to the United States in

July 1978, at age 3.  In September 2007, she was convicted in New Jersey of possession

of a controlled dangerous substance with intent to distribute.  See N.J. Stat. Ann.

§§ 2C:35-5b(10)(b); 2C:35-7.  Badawy was charged with removability for having been convicted of an aggravated felony as defined in Immigration and Nationality Act ("INA") § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B) ] (illicit trafficking in controlled substance), see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii) ], and for having been convicted of a controlled substance offense, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)].  Badawy conceded that she was removable as charged and sought relief under the United Nations Convention Against Torture ("CAT"), alleging that she will be tortured or killed in Egypt because she is a lesbian and because she has two children born out of wedlock, visible tattoos, and a criminal record involving drugs.

Despite "recogniz[ing] the weakness" in Badawy's CAT application, the Immigration Judge ("IJ") granted relief.  Specifically, the IJ concluded that Badawy's "characteristics," when considered in conjunction with other "factors" that were specifically related to her, made it more likely than not that she would be subject to torture if removed.[1]  This determination was based in part on In re G-A-, 23 I. & N. Dec. 366, 372 (BIA 2002), where the Board of Immigration Appeals ("BIA") granted CAT relief to an Iranian Christian of Armenian descent who had lived in the United States for over 25 years "based on the combination of factors presented, including [the applicant's] religion, his ethnicity, the duration of his residence in the United States, and his

_____

[1] Those "factors" included Badawy's long residence in this country, her inability to communicate in Arabic, the absence of any family in Egypt, her lack of job skills, and a learning disability.

2

drug-related convictions in this country." The Government appealed.

The BIA sustained the appeal and ordered Badawy removed to Egypt. The Board concluded that Matter of G-A- was distinguishable because the record in that case clearly established that Armenian Christians, persons associated with drug trafficking, and citizens forcibly returned (especially those returning from the United States) were subject to harsh treatment in Iran. See 23 I. & N. Dec. at 369-372. By contrast, the BIA held, "there is no reason that the [Egyptian] government would even be aware that [Badawy] bore children out of wedlock," where she testified that her children would not return to Egypt with her. In addition, the Board cited a lack of evidence that the Egyptian government tortures lesbians, tattooed individuals, or returning citizens who have been convicted of drug crimes abroad. Badawy filed a timely petition for review.

We exercise jurisdiction to review the BIA's final order of removal under INA § 242(a) [8 U.S.C. § 1252(a)].[2] The CAT prevents the United States government from removing an alien to a country where torture will occur. See 8 C.F.R. § 1208.16(d)(1). The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of" an official person. 8 C.F.R. § 1208.18(a)(1). It is the applicant's burden to establish "that it is more likely than not" that she will be tortured if removed. 8 C.F.R. § 1208.16(c)(2). The applicant must meet this burden with objective evidence.

---

[2] Contrary to the Government's contention, Badawy raises questions of law, which we have jurisdiction to review. See INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; Singh v. Gonzales, 432 F.3d 533, 537-38 (3d Cir. 2006).

3

See Sevoian v. Ashcroft, 290 F. 3d 166, 175 (3d Cir. 2002). The BIA's denial of relief under the CAT is reviewed under the substantial-evidence test. See Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003).

We agree that Badawy has failed to establish that she is "more likely than not" to be tortured if returned to Egypt. Her testimony did not "establish, by objective evidence that [she] is entitled to relief." Sevoian, 290 F.3d at 175 (internal quotation marks and citation omitted). On direct examination, Badawy stated that in Egypt "they don't believe in having kids out of wedlock, . . . they're very strict on women[,]" and that tattoos are "against the Muslim religion." Later, however, when asked by her attorney, "[w]hat do you know about Egypt that makes you afraid to go there," Badawy responded, "I don't know [any]thing about Egypt. . . . I just know how Muslims are, and I know how people from my county are." Part of this knowledge apparently came from Badawy's brother, who told her that Egyptian citizens have been known to harm and kill women because of their tattoos. But this nonspecific, secondhand assertion fails to meet Badawy's burden of proof.

In addition, the documents that Badawy submitted in support of her application are not sufficient to sustain a claim for CAT relief. Badawy relied on a non-governmental organization report concerning "Honour Killings," which "refer to the murder of a woman by her male family members for a perceived violation of the social norms of sexuality, or a suspicion of women having transgressed the limits of social behaviour

4

imposed by traditions." Badawy does not fear harm from her family, however. In fact, Badawy claimed that she has no family living in Egypt and that her brothers are "very supportive" of her. Badawy also provided a document titled "The Islamic Sexual Morality," which states that pre-marital sex is a sin, identifies homosexuality as a crime, and specifies that the punishment for unmarried lesbians is 100 lashes, while married lesbians are to be stoned to death. Notably, however, this document appears to provide details about the "Islamic legal system," and does not demonstrate that Badawy would be tortured under Egyptian law. The State Department Country Reports indicate that there is discrimination and violence against women in Egypt, and that in the past the police have targeted homosexuals using "Internet-based 'sting' operations." The record also contains documents indicating that tattooing is prohibited by Islam, an article about the dangers faced by a homosexual man in an Egyptian prison, and a report describing increased punishments for drug violations. While this evidence suggests that an individual with Badawy's characteristics may face discrimination or harassment, it does not compel the conclusion that it is likely that she will be tortured if removed to Egypt.

Badawy has not adequately supported her arguments that the Board prevented her from presenting evidence, rendered an arbitrary decision, imposed an "impermissible burden of proof," and failed to consider her evidence in the aggregate. The discussions in her brief of her subjective fears, the standard for granting asylum, and review of adverse credibility determinations are not relevant to this petition. To the extent Badawy contends

5

that the BIA improperly weighed the evidence she presented, we lack jurisdiction. <u>See</u>

<u>Jarbough v. Att'y Gen.</u>, 483 F.3d 184, 189 (3d Cir. 2007) ("Specifically, courts have

recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed

evidence, failed to consider evidence or improperly weighed equitable factors are not

questions of law under" INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]).

For the foregoing reasons, we will deny Badawy's petition for review.